Appendix A

United States Court
Southern District of Texas
**F I L E D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NOV 1 2 2024

Nathan Ochsner, Clerk of Court

ANIA HOWARD §
§
versus § CIVIL ACTION NO. _____
§
NIELSEN AUDIO, INC. §
§
§
§

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is: ANIA HOWARD

    Address: 2111 VERMILLION OAK STREET

    FRESNO, TX 77545

    County of Residence: FORT BEND

3. The defendant is: NIELSEN AUDIO, INC.

    Address: 9705 PATUXENT WOODS DRIVE

    COLUMBIA, MD 21046

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. The plaintiff has attached to this complaint a copy of the charges filed on FEBRUARY 26, 2024 with the Equal Opportunity Commission.

5. On the date of AUGUST 22, 2024 , the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

1

6. Because of the plaintiff's:

    (a) ☒ race

    (b) ☒ color

    (c) ☐ Sex

    (d) ☐ Religion

    (e) ☐ national orgin,

the defendant has:

    (a) ☐ failed to employ the plaintiff

    (b) ☒ terminated the plaintiff's employment

    (c) ☐ failed to promote the plaintiff

    (d) ☒ other: Created a hostile work environment, engaged in retaliation, and interfered with FMLA rights.

7. When and how the defendant has discriminated against the plaintiff:

Plaintiff was subjected to racial and disability-based discrimination and retaliation for using FMLA leave. Defendant mischaracterized Plaintiff's performance and leave use, creating a hostile work environment. After reporting unsafe conditions and filing complaints, Plaintiff was terminated in retaliation for these protected actions.

8. The plaintiff requests that the defendant be ordered:

    (a) ☐ to stop discriminating against the plaintiff

    (b) ☐ to employ the plaintiff

    (c) ☐ to re-employ the plaintiff

    (d) ☐ to promote the plaintiff

    (e) ☒ to pay $500,000 for lost wages, $250,000 for emotional distress and personal

        injury and $2 million in punitive damages _____

_____ and that;

(f) ☒ the Court grant other relief, including injunctions, damages, costs and attorney's fees.

_____
(Signature of Plaintiff)

Address:        2111 VERMILLION OAK STREET

                 FRESNO, TX  77545

Telephone:     346-804-6283

Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
__HOUSTON_____ DIVISION

| | |
|---|---|
| ANIA HOWARD | § |
| | § |
| versus | § CIVIL ACTION NO. _____ |
| | § |
| NIELSEN AUDIO, INC. | § |
| | § |
| | § |

ORIGINAL COMPLAINT

SEE ATTACHED COMPLAINT.

1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

ANIA HOWARD,

Plaintiff,

v.

NIELSEN AUDIO, INC.,

Defendant.

**Case No.:**

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

COMES NOW Plaintiff, Ania Howard, and for her Complaint against Defendant Nielsen Audio, Inc., alleges and states as follows:

**Date Filed:** November 8, 2024

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under federal laws, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and the Family and Medical Leave Act (FMLA). The Court also has authority over related Texas state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court because the events described occurred in the Southern District of Texas, where Plaintiff worked for Defendant.

## II. PARTIES

3. **Plaintiff**: Ania Howard is a former Membership Representative for Nielsen Audio, Inc., residing at 2111 Vermillion Oak Street, Fresno, TX 77545.

4. **Defendant**: Nielsen Audio, Inc., with a principal office at 9705 Patuxent Woods Dr., Columbia, MD 21046, employed Plaintiff in Texas at all times relevant to this Complaint.

## III. FACTUAL ALLEGATIONS

### 1. Discrimination Based on Appearance, Race, and Disability

5. Plaintiff, one of four African American employees on her Houston team, experienced racial and disability-based discrimination. Lori LeCunff, a Team Lead, criticized Plaintiff's use of transition lenses, claiming they made her appear "suspicious" and "untrustworthy." These comments were racially biased and failed to account for Plaintiff's medical need for these lenses, violating federal protections under Title VII against racial stereotyping and the ADA's prohibition on disability discrimination. Texas employment law similarly prohibits discrimination based on race and disability.

6. LeCunff also pressured Plaintiff to wear clothing with the Nielsen logo, saying it would make her "more approachable." Nielsen's policies only required a visible badge and business casual attire. LeCunff suggested Plaintiff embroider her own clothing at personal cost, a requirement not imposed on others. This unstandardized request

constitutes disparate treatment, which violates federal and Texas discrimination laws that require equal treatment in the workplace.

7. In January 2024, LeCunff raised this clothing issue again in a report to management, falsely implying Plaintiff had acted difficult during interactions. Notably, LeCunff had invited Plaintiff to join her and another team member after a team meeting, contradicting her claim of an intrusion. Plaintiff's recording of the day contradicts LeCunff's portrayal. This retaliation violates the Nielsen **Speak Up Policy** prohibiting retaliation and false reporting. Federal law under Title VII and Texas law both prohibit retaliation for reporting workplace issues.

## 2. Unsafe Work Conditions and Hostile Environment

8. In November 2023, Plaintiff's supervisor, Shelby Kane, scheduled a last-minute ride-along with LeCunff in severe weather, even though he had emailed the team advising caution. Despite Plaintiff's concern for safety, LeCunff pressured her to continue with the assignment, putting Plaintiff's safety at risk. Federal law, including OSHA guidelines, and Nielsen's **Code of Conduct** require employers to maintain a safe workplace.

9. Plaintiff reported this issue to OSHA, which advised her to escalate to the EEOC since the unsafe conditions occurred in a field setting. Nielsen's Code of Conduct states that employees are entitled to a safe work environment, and Texas law similarly holds employers accountable for ensuring employee safety.

10. Kane continued to pair Plaintiff with LeCunff despite formal complaints, allowing LeCunff to subject Plaintiff to further hostility, such as talking over Plaintiff and undermining her recruitment efforts. Plaintiff's pitch methods had been approved during formal training, and yet LeCunff repeatedly criticized Plaintiff's approach. This repeated, unchecked

hostility created a hostile work environment, violating Title VII and Texas law protections that prohibit workplace harassment and require fair and equal treatment.

### 3. Retaliation and Mishandling of Investigations

11. Plaintiff filed formal complaints about the unsafe ride-along, which Carla Allen, Nielsen's Global Employee and US Labor Relations Director, investigated. Plaintiff provided two witnesses to confirm her version of events, but Allen only interviewed one and engaged in unprofessional conduct with the other, creating a potential bias that led both witnesses to withdraw support. Nielsen's **Speak Up Policy** mandates non-retaliation and fair, unbiased investigations.

12. Further, Plaintiff learned that Nielsen only partially addressed her complaint during the EEOC process, potentially as a way to undermine her position. Federal and Texas laws prohibit retaliation, and mishandling investigations of complaints can be considered retaliatory when it affects an employee's standing or protections against discrimination.

### 4. Misuse of FMLA Leave and Disability Discrimination

13. Plaintiff took FMLA leave multiple times, first for her mental health due to workplace stress and later to care for her grandmother. During the EEOC investigation, Nielsen alleged that Plaintiff's FMLA leave was used to avoid disciplinary actions, despite documented medical needs and performance standards. This direct allegation violates federal FMLA protections that ensure employees cannot be penalized for using approved medical leave.

14. By suggesting Plaintiff misused FMLA leave, Nielsen interfered with her rights under FMLA and engaged in discrimination under the ADA for associational disability. Texas employment law prohibits any adverse actions based on protected leave, meaning Nielsen's actions may have further breached state laws.

### 5. Retaliatory Termination

15. On October 17, 2024, Plaintiff requested a meeting with HR only, due to prior hostile conduct from her manager, Melissa Morganti. Morganti insisted on attending, and when Plaintiff repeated her request, she was terminated soon after. This termination violates federal and state laws, which prohibit employers from retaliating against employees for engaging in protected activities, such as requesting accommodations or reporting harassment.

## IV. CAUSES OF ACTION

### COUNT I: Hostile Work Environment (Title VII)

16. Plaintiff realleges all previous paragraphs as if fully stated here.
17. Defendant's actions created a hostile work environment by ignoring complaints, failing to prevent racial and disability-based discrimination, and putting Plaintiff's safety at risk. Federal and Texas law prohibit such hostile work conditions.

### COUNT II: Retaliation (Title VII, ADA, FMLA)

18. Plaintiff realleges all previous paragraphs as if fully stated here.
19. Defendant retaliated against Plaintiff by falsifying complaints, mishandling investigations, and ultimately terminating her after she reported workplace issues, in violation of federal and Texas retaliation protections.

### COUNT III: FMLA Violations

20. Plaintiff realleges all previous paragraphs as if fully stated here.

21. Defendant's misuse of Plaintiff's FMLA leave to imply disciplinary avoidance, despite documented performance and medical needs, violates federal FMLA protections and Texas law.

**COUNT IV: ADA Violations for Associational Disability Discrimination**

22. Plaintiff realleges all previous paragraphs as if fully stated here.
23. Defendant discriminated against Plaintiff for her association with her disabled grandmother and her own medical needs, violating the ADA and Texas protections.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

1. $500,000 for lost wages, benefits, and medical expenses.
2. $250,000 for emotional distress caused by Defendant's discriminatory and retaliatory actions.
3. $2 million in punitive damages to deter further retaliatory and discriminatory conduct.
4. Attorney's fees and costs.

## VI. DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all claims.

**Respectfully submitted,**

**Ania Howard**

Plaintiff Pro Se

346-804-6283

2111 Vermillion Oak Street

Fresno, TX 77545